GREAT WESTERN MANUFACTURING COMPANY, APPEL-
LANTS, V. HUNTER BROS. ET AL., APPELLEES.

1.  **Practice in Supreme Court on Appeal.**   When, upon the
trial of a cause in the nature of a suit in equity in the district
court, a judgment is rendered against the plaintiff in the nature
of a non-suit, and upon appeal to this court it shall appear that
the plaintiff had offered competent testimony sufficient to en-
title him to a decree *prima facie*, this court will render or order
a decree in his favor accordingly.

2.  **Mechanic's Lien.**   Any contract and furnishing, and delivery
under it, of labor, material, or machinery for the erection, repa-
ration, or removal of any house, etc., sufficient to create an in-
debtedness between the owner thereof and the person furnish-
ing and delivering such labor, materials, and machinery, is suffi-
-cient to create a lien therefor, under the first section of chap. 42,
.Gen. Stat.

3. ——. An agreement to manufacture at plaintiff's factory at Leavenworth, Kansas, and deliver to defendants, at the Missouri Pacific Railroad depot, in Atchison, Kansas, certain machinery for defendants' elevator at Valparaiso, Saunders county, Nebraska, and the furnishing and delivery of such machinery so that defendants placed the same in their said elevator building, is a furnishing of the same in the county of Saunders within the meaning of the third section of said chapter.

4. ——. The contract for furnishing certain machinery for a grain elevator contained a clause as follows, in substance: "Should shipment be made before payment in full, the title, right of possession, and ownership of the aforesaid machinery shall remain in the above first party until the note is paid," etc., *Held*, Not a waiver of a right to a mechanic's lien.

5. ——. The oath to the account of items of materials, etc., may be made by an agent of the party entitled to the lien. *Williams v. Webb*, 2 Disn., 430.

APPEAL from the district court of Saunders county. Heard below before GEORGE W. POST, J.

*S. H'y Sornberger*, for appellant, on right to the lien, cited: Phillips, 167, 389. *Jones v. Swan*, 21 Iowa, 181. *Howard v. Veazie*, 3 Gray, 233. *McCall v. Eastwick*, 2 Miles (Penn.), 45. *Gilcrest v. Gottschalk*, 39 Iowa, 311. On right of non-resident to have lien, cited: *Greenwood v. Mfg. Co.*, 2 Swan, 130. *Atkins v. Little*, 17 Minn., 342. On authority of agent, cited: *Williams v. Webb*, 2 Disn., 430. Phillips, 366.

*Groff & Montgomery*, for appellee Stone, contended that decree must be affirmed or appeal dismissed. *Wilcox v. Saunders*, 4 Neb., 570. On right to lien, cited: Gen. Stat., chap. 42, §§ 1, 7. *Bottomly v. Grace Church*, 2 Cal., 92. *Houghton v. Blake*, 5 Id., 240. *Hill v. Bishop*, 25 Ill., 349. *Hills v. Elliott*, 16 Sergt. & Rawle, 56. *Bailey v. Adams*, 14 Wend., 201. *Gorman v. Sagner*, 22 Mo., 137. The statute, § 7, excludes the idea of an agent making affidavit to secure the lien.

COBB, J.

This action was brought to enforce a mechanic's lien upon a grain elevator for elevator machinery by the plaintiffs, who are manufacturers, of Leavenworth, Kansas, the said elevator having been erected by the defendants, Hunter Brothers, at Valparaiso, Saunders county. Hunter Brothers, Harry White, and Frank C. Stone, trustee (to whom the property had been conveyed by Hunter Brothers in trust for certain creditors), were made defendants, the latter of whom only answered. Upon the coming on to trial to the court, the plaintiff offered certain pages of the records of Saunders county, containing the records of its liens, etc. The defendant objected to the introduction of the said record in evidence, for the reason that one of the issues in the case was the authority of the person making the affidavits, etc. The plaintiff also offered in evidence the deposition of D. F. Fairchild. To question 20 of said deposition and the answer thereto, the defendant objected, for the following reasons: 1. That the same is not the best evidence, and is incompetent. 2. That the testimony is seeking to extend the terms of the contract, which is in writing. To question 26 and the answer thereto, the defendant objected, for the reason that the same is incompetent, immaterial, and not the best evidence. To question 29 'and the answer thereto, defendant objected, for the reasons: 1. That the same is incompetent, there being no ambiguity in the contract. 2. That the contract itself excludes all verbal understandings. All of which objections were sustained, and the several matters objected to ruled out.

The said deposition, except such parts as were objected to as above, also the contract referred to and which formed a part of said deposition, and several letters referred to in said deposition, were then admitted in evidence.

Plaintiff then offered the original affidavit of Geo. W.

Burton (being the account in writing of said mechanic's lien, recorded as aforesaid), to which the defendant objected, giving reasons too lengthy for repetition here.

Thereupon the plaintiff rested, and the defendant moved for a judgment on the plaintiff's testimony, which motion was sustained, and the cause comes to this court on appeal.

The defendant makes a preliminary point to the effect that the plaintiff cannot have judgment on its appeal in any event, for the reason that the plaintiff was non-suited at the close of its evidence, and before the defendant had an opportunity to produce his testimony. He says that, even admitting that the plaintiff made a case on its evidence, it is to be presumed that the defendant's evidence would have made a great difference, had the district court been in doubt about the motion for a non-suit.

On this proposition the court is compelled to differ with counsel. If any presumption is to be indulged in, it is that defendant was satisfied with the case as made by plaintiff's testimony, otherwise he would have put his own testimony in, before calling for the judgment of the court. At all events his motion for judgment on the plaintiff's evidence alone, and the favorable action of the district court on his motion, stamps it with the character of an *ex parte* case as well in this court as in that.

Defendant makes his first point on that part of plaintiff's claim which comes last in point of time, and says that it is invalid because the affidavit does not show the nature of the contract under which such material was furnished, or whether or not there was a contract. That part of plaintiff's claim to which this objection is made is in the following words: "That afterwards, to-wit, on the fifteenth day of August and on the twenty-fourth day of October, 1879, said Great Western Manufacturing Company did sell and furnish to said Hunter Brothers the within several items of machinery and material named in exhibit "B," hereto attached and made a part hereof, amounting to

$55.22, to be by them used in and about the erection and completion of the elevator before described."

The defendant's second point, as applicable to the balance of plaintiff's claim, he divides into three heads: 1.  That the materials in question were furnished, by the terms of the contract itself, at Leavenworth, Kansas, and as the statute requires that the liens shall be filed "in the county clerk's office of the county in which such labor, skill, and material shall have been furnished," the goods not having been delivered in Saunders county, no lien could be gained there.

2.  The material must have been furnished *by the express terms of the contract* for the particular building on which the lien is claimed.   No reference is made in this contract to the building on which the lien is claimed; therefore the lien was unauthorized, etc.

3.  By the terms of this contract the title to the property was retained in the appellant until full payment should be made, etc.

Defendant cites cases where the holding has been with him under most of these heads.   But it must be borne in mind that the lien which is now under consideration is the creature of statute, and that the statutes of no two states are exactly alike; nor do those of any state remain the same for a great length of time.   The provisions of our own statute, in force at the time of these transactions, had been framed with a view of getting rid of all technical difficulties in the way of protection to mechanics and material men pursuing their business in good faith, and quite probably many of its provisions had been suggested by the cases cited and to avoid the technical difficulties suggested in some of them.   Sec. 1 of said act reads as follows: "Any person who shall perform any labor or furnish any material or machinery for the erection, reparation or removal of any house, mill, manufactory, or other building or appurtenance, by virtue of a contract or agreement, ex-

press or implied, with the owner thereof or his agent, shall have a lien to secure the payment of the same, upon such house, mill, manufactory, or other building or appurtenance, and the lot of land upon which the same shall stand." Gen. Stat., 466.

From an examination of this section it must be apparent that it makes no difference what the nature or character of the contract may be, whether special, or parol, verbal, or written, express or implied. If the contract and delivery, or furnishing under it, is sufficient to create an indebtedness or liability, it is sufficient to create a lien under the provisions of this section. See Kneeland on Mechanic's Liens, § 48.

The objection that the machinery having been manufactured at Leavenworth, Kansas, and shipped to the purchasers at Atchison, Kansas, to be by them conveyed to the site of their elevator in Saunders county, Nebraska, was not a furnishing of such machinery in the latter-named county, has received careful attention; yet I do not think that either the letter or the spirit of the statute requires that the machinery should be actually laid down at the site of the building, by the lienor, but if his labor, skill, or capital produced it, and set it in motion for that destination, and it finally reached it, and was attached to the building for the purpose intended, then it was "furnished" there by him without regard to the name in which it was shipped or other matters connected with its transportation. As to the second subdivision of this objection, I have no doubt that, under the provisions of our statute then in force, lumber or other building material, sold on general book account without regard to any particular building, if used by the purchaser in the erection or reparation of a building upon land of which he is the owner, the vendor of such lumber or other building material may have his lien. Whatever may be the provisions of the statutes of Illinois and California under which the cases cited were decided, they are

not authority under our statute. As to the third subdivision of this point, that plaintiffs cannot have a mechanic's lien for the machinery furnished for the reason that by the terms of the contract they retained a vendors' lien on the machinery, while I find some difficulties presented in some of the cases cited, yet as it is a general principle of law that a creditor may have as many securities for his debt as he can obtain without infringing upon the rights of others, and as the rights of no other person have been by any possibility affected by the said clause in the contract, I do not deem it as an objection to the plaintiff's right to a lien. Again, the vendor's lien or ownership of the machinery reserved by the terms of the contract could only exist so long as the machinery remained personal property, and ceased upon the same being attached to the freehold and becoming a fixture. Hunter Bros. having attached this machinery to their elevator (with the consent of the vendor), it ceased to be personal property, and the reserved ownership of the vendor therein ceased to operate *eo instanti* with the act which entitled said vendor to a lien on the elevator therefor. See *Frankland et al. v. Moulton et al.*, 5 Wis., 1.

The lien in this case was verified by G. W. Burton, who in his affidavit declares that he is the agent of the Great Western Manufacturing Company, claimants in this case. The point is made that under the statute no one but the lienor himself could make the verification. I know of no reason why cases of this kind should be taken out of the general rule, and therefore, in the language of Judge Gholson, in *Williams, adm'r, v. Webb*, 2 Disn., 433, "We see no reason to doubt that the oath of an agent, acting in the business, and therefore acquainted with the facts, is sufficient. Any other conclusion would be attended with extreme inconvenience, and we think that the general maxim, *qui facit per alium, facit per se*, may be safely applied in the construction of this statute."

I think that the court should have so received and con-

sidered all of the depositions of the witness Fairchild except the twenty-ninth question and answer, and such testimony being before the court the plaintiff's claim was sufficiently proved.

The judgment of the district court is therefore reversed, and the cause remanded to the district court, with the direction that a decree be entered in that court for the plaintiff, giving it a first lien on the said grain elevator building, as described in plaintiff's petition, for the sum of $278.77, together with interest on $223.65 from the 25th day of July, 1879, and on $55.22 from the 24th day of October, 1879, together with its costs in both courts.

JUDGMENT ACCORDINGLY.

THE other judges concur.