In re BELKNAP et al.

(District Court, D. Kentucky. September 23, 1899.)

1. CRIMINAL LAW—REMOVAL OF PERSON TO ANOTHER DISTRICT FOR TRIAL.

On an application, under Rev. St. § 1014, for a warrant for the removal to another district for trial of a person arrested on a commissioner's warrant based on an indictment found in such other district, or on the hearing on a writ of habeas corpus sued out by such person, the only question to be considered is whether the indictment on its face charges the commission of an offense within the jurisdiction of the court in which it was returned.

2. INTERSTATE COMMERCE ACT—OFFENSES BY SHIPPER—JURISDICTION.

Under the provisions of the interstate commerce act (25 Stat. 858), making it an offense to secure the transportation of property by any carrier subject to the act at less than the regular rates by means of false billing, weights, or representations as to the contents of any package delivered to the carrier for transportation, which shall subject the offender to a fine and imprisonment on conviction in any court of the United States of competent jurisdiction "within the district in which such offense was committed," the offense is fully committed by a consignor at the place where the property is delivered for transportation, the false billing made, and the illegal rate secured; and a court of another district, where the property is delivered to the consignee, has no jurisdiction of such offense.

Hearing on Petition for Writ of Habeas Corpus.

Humphrey & Davie and W. M. Smith, for petitioners.
R. D. Hill, U. S. Dist. Atty., for respondent.

EVANS, District Judge. The petitioners were indicted in the district court of the United States for the Eastern district of Texas for alleged violations of the interstate commerce law. Being residents of the district of Kentucky, a copy of the indictment was transmitted here, and thereupon a warrant was issued for their arrest, and, having been executed, the United States made application to the judge of this court, under section 1014 of the Revised Statutes, for a warrant for their removal by the marshal to the Eastern district of Texas for trial. Meantime, however, they petitioned the court for a writ of habeas corpus, alleging, among other things: That they were citizens of the United States, and domiciled in the state of Kentucky. That they were held in custody by the marshal of the district of Kentucky under and by color of authority of the United States. That they were arrested and held in the state of Kentucky under a writ issued by a commissioner of the district court of the United States for the district of Kentucky for an offense alleged to have been committed in the Eastern district of Texas, and for which there had been

returned in the last-named district an indictment for violation of the interstate commerce law. That the commissioner's writ under which they were arrested was issued upon a copy of the indictment for the purpose of removing them to the Eastern district of Texas for trial on said charge. That they were unlawfully held in custody, and could not be lawfully removed to the Eastern district of Texas, because—First, the said indictment fails to charge an offense against the United States, or otherwise; second, because the district court of the United States for the Eastern district of Texas has no jurisdiction of the offense charged in said indictment. The petitioners also allege that they are members and officers of a corporation, and that they are not guilty of the offense charged; but these allegations do not appear to the court to be material, nor is their consideration proper upon the questions involved in this hearing. The return of the marshal to the writ of habeas corpus makes it appear that the petitioners are held in custody under the writ issued by the commissioner of the court upon the copy of the indictment, and not otherwise.

While the application to the judge for a warrant for the removal of the petitioners is before him as an officer, and not before the court, still the same questions arise upon it as upon the writ of habeas corpus. If the indictment, upon its face, charges the commission of any public offense against the United States within the jurisdiction of the court in which the indictment is pending, it is the plain duty of the judge to make an order for the removal to that district of the persons indicted. Doubts should not be solved against the indictment in such cases. On the contrary, it seems to me that they should be solved in favor of the removal of the accused, for the reason that the court in which the indictment is pending is entirely competent to determine all questions involved, and can be implicitly relied upon to determine them according to the law and the justice of the case; but, whether so or not, it is the exclusive right of that court to do it subject only to the duty of this court and of the judge thereof upon an application like this, and before he will make any order to send the accused to Texas to inquire whether, on the face of the indictment, a public offense against the United States has been charged, of which the court in which the indictment is pending has lawful jurisdiction. Obviously it would be a hardship and injustice to remove the accused persons to a distant state, or compel them to give bond for their appearance there, if it is apparent that the court there must itself hold that it has no jurisdiction of the indictment, or of the offense charged in it. That these are questions to be decided at the threshold of every case of this character seems to be clearly established by the opinions in the cases In re Greene, 52 Fed. 104, and U. S. v. Fowkes, 3 C. C. A. 394, 53 Fed. 13.

The provision of the interstate commerce act under which the indictment was found, as amended, reads as follows:

"Any person and any officer or agent of any corporation or any company who shall deliver property for transportation to any common carrier, subject to the provisions of this act, or for whom as consignor or consignee, any such carrier shall transport property, who shall knowingly and willfully, by

false billing, false classification, false weighing, false representation of the contents of the package, or false report of weight, or by any other device or means, whether with or without the consent or connivance of the carrier, its agent or agents, obtain transportation for such property at less than the regular rates then established and in force on the line of the transportation, shall be deemed guilty of fraud, which is hereby declared to be a misdemeanor, and shall, upon conviction thereof in any court of the United States of competent jurisdiction within the district in which such offense was committed, be subject for each offense to a fine of not exceeding five thousand dollars or imprisonment in the penitentiary for a term of not exceeding two years, or both, in the discretion of the court." 25 Stat. 858.

The indictment contains four counts, the first of which seems to be an accusation that the defendants, after a false billing, false classification, and false representation of contents, evidently made in Kentucky, delivered the merchandise, or caused it to be delivered, to the consignee in Texas. This accusation by no means appears to be a public offense under the clause of the statute above quoted. Nowhere does that statute make it an offense to deliver the goods to the consignee under any circumstances. Taken together and stated broadly, the remaining counts may be fairly said, in different forms, to charge the defendants with having, by means of willfully false billing, false classification, and false representation of the character of the goods delivered to the common carrier in Kentucky, obtained or caused to be obtained transportation of the merchandise at a less rate than the regular schedule and established rates over the common carriers included in the route from Louisville, Ky., to Beaumont, Tex. The false billing, classification, and representation referred to consisted, as alleged in the indictment, in falsely representing the merchandise as wagon material in the rough, instead of fine hardware, such as guns, etc., which in fact made up the shipment. In the opinion of the court, it manifestly appears from the indictment that all these acts were performed in Kentucky, that the rates of transportation were thereby obtained in that state, and that the merchandise was delivered for transportation to the carriers in that state. The statute provides that persons doing such acts shall be guilty of a misdemeanor, "and shall, upon conviction thereof in any court of the United States of competent jurisdiction within the district in which such offense was committed, be subject to a fine," etc. The court is clearly of opinion that, upon a fair construction of the language of the indictment, the offense was necessarily committed in Kentucky alone; that it was completed in that state; and that the statute does not give jurisdiction to any court of the United States except the one in the district in which the offense was committed. If this be the correct construction of the language of the indictment in connection with the statute, it must necessarily follow that the district court of the United States for the Eastern district of Texas has no jurisdiction of the offense charged in this case, and that it would so hold if the accused persons were sent there. If this be true, it would be unjust, as well as useless, to send them.

There was some contention that this was a continuing offense, which began in Kentucky, and was finally ended by the delivery of the goods to the consignee in Texas; but the court is of opinion that the offense charged was committed, and fully committed, in Ken-

tucky, where the defendants, according to the charge in the indictment, all resided and did business, and where all the acts were done which, under the law, together constituted the offense. It seems to the court, indeed, that there is only one offense charged in the indictment, and it is probable that this one offense is all that could be charged under the statute, so far as a shipper is concerned. To constitute the offense, there must be—First, a willfully false billing, classification, or misrepresentation of the character of the property to be shipped; second, the obtaining by that means of a lower rate of transportation than the regular rate; and, third, either the delivery of the property to the common carrier for transportation, or its actual transportation by it. All these elements appear from the indictment to exist in this case, but each one arises out of acts done in Kentucky, and not in Texas. It therefore inevitably follows that the offense they constitute was committed in Kentucky, and can, under the statute, only be punished here. For these reasons it seems to the court that the warrant for the removal of the defendants to Texas ought not to be granted, but, on the contrary, under the writ of habeas corpus, that the defendants should be discharged. They are discharged accordingly.