## UNITED STATES v. ALASKA CONSOL. CANNERIES (two cases).

### SAME v. LIBBY, McNEILL & LIBBY.

(District Court, W. D. Washington, N. D. November 15, 1924.)

Nos. 8631, 8697, 8935.

**I. Criminal law ⬦113—Venue of prosecution for shipping adulterated or misbranded food stated; "ship to."**

In Food and Drugs Act, § 2 (Comp. St. § 8718), prohibiting the introduction "into" any state or territory from any other state or territory of any article of adulterated or misbranded food or drugs, and making it a misdemeanor for any person to "ship * * * from any state or territory * * * to any other state or territory" such article, the words "ship * * * to" imply a completed transportation, and an indictment charging that accused did "ship from Quadra, territory of

Alaska, to Seattle, state of Washington," a certain adulterated or misbranded article of food, states an offense which, under Judicial Code, § 42 (Comp. St. § 1024), may be prosecuted in either the district of Alaska or the district of Washington.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Ship to.]

**2. Words and phrases—"To"; "into."**

The word "to" has often the same meaning as "into."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series. To.]

Criminal prosecutions by the United States against the Alaska Consolidated Canneries and against Libby, McNeill & Libby. On motions to quash informations. Denied.

Thos. P. Revelle, U. S. Atty., and Donald G. Graham, Asst. U. S. Atty., both of Seattle, Wash.

Kerr, McCord & Ivey, of Seattle, Wash., for defendants.

CUSHMAN, District Judge. [1] In each of the above-entitled cases the defendant corporation moves to quash the information. The informations are in the same form, and the motions are made upon the same grounds. The only allegation necessary to consider is that the defendant "did within the judicial district of Alaska on or about the 20th day of July, in the year 1923, then and there, in violation of the Act of Congress of June 30, 1906, known as the Food and Drugs Act (34 Statutes at Large, 768), unlawfully ship and deliver for shipment from Quadra, territory of Alaska, to the city of Seattle, state of Washington, and within the jurisdiction of this court, consigned to Alaska Consolidated Canneries, a certain consignment, to wit, a number of cans. * * *"

The motions are upon the ground that the court has no jurisdiction over the person of the defendant; that it is apparent on the face of the informations that the actions should have been brought within the Judicial District of Alaska.

Plaintiff cites: U. S. v. Freeman, 239 U. S. 117, 36 S. Ct. 32, 60 L. Ed. 172; Rhodes v. Iowa, 170 U. S. 412, 421, 432, 18 S. Ct. 664, 42 L. Ed. 1088; U. S. v. Wiltberger, 5 Wheat. 76, 5 L. Ed. 37; U. S. v. Harris, 177 U. S. 305, 20 S. Ct. 609, 44 L. Ed. 780; U. S. v. Hartwell, 6 Wall. 385, 18 L. Ed. 830; U. S. v. Union Supply Co., 215 U. S. 50, 30 S. Ct. 15, 54 L. Ed. 87; A. O. Andersen & Co. v. U. S. (C. C. A.) 284 F. 542.

Defendant cites: U. S. v. J. L. Hopkins & Co. (D. C.) 199 F. 649; Davis v. U. S.

(C. C. A. 6) 104 F. 136, 43 C. C. A. 448; Horner v. U. S., 143 U. S. 207, 12 S. Ct. 407, 36 L. Ed. 126; In re Belknap (D. C., E. D. Kentucky, 1899) 96 F. 614; Harrison v. Fortlage, 161 U. S. 57, 16 S. Ct. 488, 40 L. Ed. 616; Fisher v. Minot, 10 Gray (Mass.) 260; Ledon v. Havemeyer (1890) 121 N. Y. 179, 24 N. E. 297, 8 L. R. A. 245; Bowes v. Shand, L. R. 2 App. Cas. 455; Reuter v. Sala, 4 C. P. Div. 239; Stubbs v. Lund, 7 Mass. 453, 5 Am. Dec. 63; Newhall v. Vargas, 13 Me. 105, 29 Am. Dec. 489; Clark v. Lindsay (1896) 19 Mont. 1, 47 P. 102, 61 Am. St. Rep. 479; State v. Bayer, 93 Ohio St. 72, 112 N. E. 197.

Section 2 of the Food and Drugs Act (Compiled Statutes, § 8718) provides:

"The introduction into any state or territory or the District of Columbia from any other state or territory or the District of Columbia, or from any foreign country, or shipment to any foreign country of any article of food or drugs which is adulterated or misbranded, within the meaning of this act, is hereby prohibited; and any person who shall ship or deliver for shipment from any state or territory or the District of Columbia to any other state or territory or the District of Columbia, or to a foreign country, or who shall receive in any state or territory or the District of Columbia from any other state or territory or the District of Columbia, or foreign country, and having so received, shall deliver, in original unbroken packages, for pay or otherwise, or offer to deliver to any other person, any such article so adulterated or misbranded within the meaning of this act, or any person who shall sell or offer for sale in the District of Columbia or the Territories of the United States any such adulterated or misbranded foods or drugs, or export or offer to export the same to any foreign country, shall be guilty of a misdemeanor. * * *"

Section 42 of the Judicial Code (section 1024, Compiled Statutes) provides:

"When any offense against the United States is begun in one judicial district and completed in another, it shall be deemed to have been committed in either, and may be dealt with, inquired of, tried, determined, and punished in either district, in the same manner as if it had been actually and wholly committed therein."

It is obvious that a prosecution for the offense charged might be had in Alaska, but the question is: Does it follow that the offense might not also be prosecuted in this district? The informations charge in the

language of the statute, using the conjunction "and" for the word "or" of the statute, that the defendant "did within the judicial district of Alaska * * * ship and deliver for shipment from Quadra, territory of Alaska, to the city of Seattle, state of Washington." The charge that the defendant delivered for shipment within the judicial district of Alaska, standing alone, would charge an offense that only could be prosecuted in Alaska, which might be the case where the shipment—that is, the transportation—was interrupted or prevented; but, if "shipped to" means the actual transportation, this part of the charge may be considered as descriptive of part of the continuous act of transportation. The words are then appropriate to the description of such completed act, as it would be one of the means by which the transportation was caused.

This being the language of the statute, the question for determination depends upon the construction of the statute. Do the words of the statute, "ship or deliver for shipment," contemplate similar acts, or do the words "ship to" mean or contemplate a transportation from a state or territory to another state or territory? The word "ship" often, if not generally, means to put on board the vehicle which is to transport. This is shown by the cases cited by counsel, as well as by the following: Harrison v. Fortlage, 161 U. S. 57, 16 S. Ct. 488, 40 L. Ed. 616; State v. Carson, 147 Iowa, 561, 126 N. W. 698, 699, 140 Am. St. Rep. 330; Robertson v. Wilder, 69 Ga. 340, 345; Lesesne v. Young, 33 S. C. 543, 12 S. E. 414, 417. In Ledon v. Havemeyer, 121 N. Y. 179, 24 N. E. 297, 8 L. R. A. 245, the court states that Abbott's, Bouvier's, and Rapalje & Lawrence's Law Dictionaries give substantially the same definition. It has been held that the word "ship" and "shipment" are used to express the idea of goods delivered to carriers for transportation. Caulkins v. Hellman, 47 N. Y. 449, 453, 7 Am. Rep. 461; Fisher v. Minot, cited by counsel; Schmertz v. Dwyer, 53 Pa. 335.

[2] But the language of the act is not "ship," but "ship * * * to"; the word "to" has often the same meaning as "into," as shown by the cases cited in 8 Words and Phrases, First Series, 6986; 4 Words and Phrases, Second Series, 930. It is in this sense the word must have been used in the act in question. While the first clause of section 2 is no part of the definition of the statutory offense, yet it may be looked to in determining the meaning of the words

which are used in such part of the statute; for the offense defined was obviously the means used to accomplish the purpose declared in the first clause, which was to prohibit and thereby prevent the introduction into any state, territory, or the District of Columbia, from any other state, territory, or the District of Columbia, or any foreign country, of the forbidden articles. When the language is capable of this construction, it is not reasonable to suppose that Congress was at such pains to punish acts merely leading up to or initiating the shipment or transportation, and acts connected with and related to its completion such as delivery for shipment, receipt, and delivery after shipment, and offer to deliver after such receipt, and at the same time overlooked the forbidden shipment or transportation itself, particularly when it is expressly forbidden in the same section. United States v. Freeman, 239 U. S. 117, 36 S. Ct. 32, 60 L. Ed. 172.

Motion to quash denied.