# UNITED STATES *v.* FREEMAN.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF KANSAS.

No. 481. Argued October 21, 1915.—Decided November 15, 1915.

The act prohibited by § 240, Criminal Code, making it punishable to ship or cause to be shipped from one State into another State or from a foreign country into a State, a package of intoxicating liquor not marked as required by the statute is essentially a continuing act the performance whereof is begun when the package is delivered to the carrier and completed when it reaches its destination.

The word "ship" as used in § 240, Criminal Code, is not used in the sense of "deliver for shipment," making the offense a completed one upon delivery of the goods.

A criminal statute applicable alike to shipments in interstate and foreign commerce will not be so construed as to render it obviously futile as to foreign commerce; it should be so construed, if its words permit, as to cause it to reach both classes of shipments and to accomplish the object of its enactment.

Section 240, Criminal Code, refers to the continuing act of shipping goods whereby the transportation into a State is accomplished, and the District Court within the State into which the goods are shipped has jurisdiction of the offense under § 42, Judicial Code, as well as the District Court within the State from which the goods are shipped.

THE facts, which involve the jurisdiction of the District Court of the offense of shipping intoxicating liquor in interstate and foreign commerce in violation of, and the construction of § 240, Criminal Code, are stated in the opinion.

*Mr. Assistant Attorney General Warren* for the United States:

The United States District Court for the District of Kansas has jurisdiction of the prosecution of the defendant in error for shipping the unlabeled packages from Missouri into Kansas, inasmuch as the offense was not complete when the unlabeled packages were delivered to the carrier, but continued throughout their transportation.

The offense "causing" to be shipped constitutes a separate crime from "shipping" and is capable of performance in a separate district.

In support of these contentions, see *Adams Exp. Co. v. Kentucky*, 238 U. S. 190; *American Steel Co. v. Speed*, 192 U. S. 500; *Armour Packing Co. v. United States*, 209 U. S. 56; *Bates v. United States*, 10 Fed. Rep. 92; *Benson v. Henkel*, 198 U. S. 1; *Bridgeman v. United States*, 140 Fed. Rep. 577; *Burton v. United States*, 142 Fed. Rep. 62; *Davis v. United States*, 104 Fed. Rep. 136; *Dealy v. United States*, 152 U. S. 539; *Demolli v. United States*, 144 Fed. Rep. 363; *Fechteler v. Whitmore*, 205 Massachusetts, 6; 2 Foster's Fed. Prac. (5th ed.), p. 1706; *Garfield Coal Co. v. Penn Coal Co.*, 199 Massachusetts, 23; *Haas v. Henkel*, 216 U. S. 462; *Harrison v. Fortlage*, 161 U. S. 57; *Hyde v. Shine*, 199 U. S. 62; *Kirmeyer v. Kansas*, 236 U. S. 568; *Ledon v. Havermeyer*, 121 N. Y. 179; *In re Palliser*, 136 U. S. 257; *Perara v. United States*, 221 Fed. Rep. 213; *Putnam v. United States*, 162 U. S. 687; *Rhodes v. Iowa*, 170 U. S. 412; *Simpson v. State*, 44 Am. St. Rep. 75; *Southern Steel Co. v. Hickman*, 190 Fed. Rep. 890; *Stillman v. White Rock Co.*, 23 Fed. Cas. No. 13446; *United States v. Bebout*, 28 Fed. Rep. 522; *United States v. Bickford*, 4 Blatchf. 337; *United States v. Chavez*, 228 U. S. 525; *United States v. 87 Barrels*, 180 Fed. Rep. 215; *United States v. Harris*, 177 U. S. 305; *United States v. Hartwell*, 6 Wall. 385; *United States v. Hopkins Co.*, 199 Fed. Rep. 649; *United States v. Murphy*, 91 Fed. Rep. 120; *United States v. Smith*, 115 Fed. Rep. 423; *United States v.*

*Thayer*, 209 U. S. 39; *United States* v. *Union Supply Co.*, 215 U. S. 50; *United States* v. *White*, 25 Fed. Rep. 716; *United States* v. *Wiltberger*, 5 Wheat. 76; *U. S. Express Co.* v. *Friedman*, 191 Fed. Rep. 1673; *Vance* v. *Vandercook Co.*, 170 U. S. 438; *West Virginia* v. *Adams Exp. Co.*, 219 Fed. Rep. 797; Wharton, Crim. Law (11th ed.), Vol. 1, pp. 404, 423.

There was no appearance or brief for defendant in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This is an indictment under § 240 of the Criminal Code making it a punishable offense knowingly to "ship or cause to be shipped from one State, . . . into any other State, . . . or from any foreign country into any State, . . ." any package of or containing intoxicating liquor of any kind, "unless such package be so labeled on the outside cover as to plainly show the name of the consignee, the nature of its contents, and the quantity contained therein." The indictment was returned in the District of Kansas and charges the defendant with violating the statute by knowingly shipping and causing to be shipped from Joplin, Missouri, into Cherokee County, Kansas, six unlabeled trunks severally containing from twelve to fifteen gallons of intoxicating liquor. By a motion to quash and a demurrer it was objected that the offense denounced by the statute is complete when the package is delivered to the carrier for shipment, and therefore that the offense charged was not cognizable in the District of Kansas but only in the Western District of Missouri. Acceding to this construction of the statute, the District Court sustained the motion to quash and the demurrer and entered a judgment discharging the defendant. The Government brings the case here under the

Criminal Appeals Act, of March 2, 1907, c. 2564, 34 Stat. 1246.

As usually understood, to ship a package *from* one State *into* another or *from* a foreign country *into* a State is to accomplish its transportation from the one into the other by a common carrier, and is essentially a continuing act whose performance is begun when the package is delivered to the carrier and is completed when it reaches its destination. We think it is to such an act that the statute refers. To reach a different conclusion the word "ship" must be read as if it were "deliver for shipment." No doubt it sometimes has that meaning, but it plainly is not so used in this instance. The statute deals with shipping liquor from a foreign country into a State as well as with shipping it from one State into another State. It puts both upon the same plane and makes them equally criminal. Whatever marks the completion of the offense in one likewise marks it in the other. If it be the delivery to the carrier in the case of interstate shipments it equally is this delivery in the case of shipments from a foreign country. And yet all will concede that Congress did not intend to do anything so obviously futile as to denounce as criminal an act wholly done in a foreign country, such as is the delivery to the carrier where the shipment is from a foreign country into a State. So, if its words permit, as we think they do, the statute must be given a construction which will cause it to reach both classes of shipments, and thereby to accomplish the purpose of its enactment. *United States* v. *Chavez,* 228 U. S. 525. This, we think, requires that it be construed as referring to the continuing act before indicated whereby the transportation *into* a State is accomplished, whether the package comes from another State or from a foreign country. In this view the completion of the offense will always be within a jurisdiction where the statute can be enforced.

The District Court rightly recognized that, under Jud. Code, § 42, formerly Rev. Stat., § 731, the offense charged was cognizable in the District of Kansas, as well as in the Western District of Missouri, if the place to which the packages were transported was the place of the completion of the offense.

Therefore nothing need be said upon that point.

*Judgment reversed.*