### UNITED STATES v. JORDAN.

District Court, M. D. Pennsylvania. October 17, 1927.

1. Criminal law ⬤⇒242(8)—Complaint for arrest of defendant for removal to another district held sufficient.

Complaint for arrest of person for removal for trial to another district *held* sufficient, where it stated the facts as to the offense on information and belief, derived from the indictment returned in such other district, a certified copy of which is attached, and is to be considered a part of the complaint.

2. Criminal law ⬤⇒113—Court has jurisdiction to try offense begun in another district and completed in district of prosecution (Jud. Code, § 42 [28 USCA § 103]).

Under Judicial Code, § 42 (28 USCA § 103) the District Court in one federal district has jurisdiction to try defendants on a charge of conspiracy formed in that district to violate the

National Prohibition Act (27 USCA), an overt act alleged being the shipment of beer from another state into that district.

**3. Conspiracy ⊚⇒43(6)—Indictment for conspiracy formed in the district and various other places, in part carried out in that district, held to charge an offense.**

An indictment for conspiracy to violate the National Prohibition Act (27 USCA), charged to have been formed in various places in different states, one of which was in the district of indictment, and alleging overt acts committed in different places, including that district, *held* to charge an offense.

**4. Criminal law ⊚⇒242(8)—Only question before commissioner in proceeding for removal to another district is that of probable cause.**

In a proceeding for removal of an accused to another district for trial, the only question before the commissioner is that of probable cause, and that is shown, prima facie, but subject to rebuttal, by an indictment and proof of identity.

**5. Criminal law ⊚⇒113—Court of indictment held to have jurisdiction to try defendant, though crime extended into district of his residence (Const. Amend. 6).**

Under Const. Amend. 6, which insures a defendant the right of trial in the "district wherein the crime shall have been committed," where an indictment charges commission of a crime in that district, the court of that district has jurisdiction, though it is also alleged that the crime extended into other districts, including that in which defendant resides.

Proceeding by the United States for removal of James A. Jordan to another district for trial. On motion by district attorney for order of removal, and motion by defendant to quash complaint and set aside warrant and service of warrant. Order of removal granted.

Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa., A. A. Vosburg, Asst. U. S. Atty., of Scranton, Pa., and A. E. Bernsteen, U. S. Atty., and Miles E. Evans, Asst. U. S. Atty., both of Cleveland, Ohio.

Knapp, O'Malley, Hill & Harris, John M. Gunster, and Stanley M. Evans, all of Scranton, Pa., for defendant.

JOHNSON, District Judge. The defendant, James A. Jordan, and Michael Newheile, residents of Lock Haven, Pa., were indicted by a grand jury in the Northern district of Ohio, Eastern division, for conspiring to violate the National Prohibition Act (27 USCA), commonly known as the "Volstead Act." The defendant was arrested and, after hearing before United States Commissioner James Peck, at Scranton, Pa., was held in bail on October 6, 1927, by the commissioner for trial in the Northern district of Ohio, Eastern division.

On October 6, 1927, Andrew B. Dunsmore, United States attorney for the Middle district of Pennsylvania, moved the court for an order, based upon proceedings before United States Commissioner Peck, directing the removal of the said defendant from the Middle district of Pennsylvania to the Northern district of Ohio, Eastern division. Whereupon the defendant, by his counsel, moved the court to quash the complaint made to the said commissioner, and to set aside the warrant issued thereon and the service of the warrant, assigning in support of the motion 56 reasons which may be considered under five heads:

First, the legality of the arrest; secondly, the jurisdiction of the court of the Northern district of Ohio, Eastern division; thirdly, the sufficiency of the indictment; fourthly, probable cause; and, fifthly, the venue or proper place for trial.

[1] First, as to the legality of the arrest: The defendant contends that the complaint on which the warrant of arrest issued is void and insufficient to support and justify the issuance of the warrant of arrest in that it fails to set forth in substance the commission of an offense against the laws of the United States. The complaint sets forth, among other things:

That the defendant, "James A. Jordan, and Michael Newheile, in violation of section 37 of the United States Criminal Code, did, through a period of time extending from on or about the 1st day of April, A. D. 1924, to on or about the 1st day of January, A. D. 1927, continuously and throughout the said period, unlawfully, knowingly, willfully, and feloniously conspire, combine, confederate, and agree together and with one another, and each with the other and with one Frank A. Delehanty, to violate the National Prohibition Act and the Volstead Act. And they did, in furtherance of their conspiracy, manufacture, possess, keep, barter, sell, transport, deliver, and distribute intoxicating liquors, to wit, a certain malt and cereal beverage known as beer used for beverage purposes, which beer did then and there contain more than one-half of 1 per cent. of alcohol by volume fit for use for beverage purposes. A more detailed account of the conspiracy and overt acts committed by the above defendants in the furtherance of their conspiracy may be had from the certified copy of the indictments returned against the above defendants in the United States Court in the Northern District of Ohio, which certified copy of the indictment was filed with the aforesaid commissioner at the time of the issuance of this complaint. All of which acts of the defendants

aforesaid were contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America.

"And, further, that on March 25, 1927, a true bill of indictment was found and preferred against James A. Jordan and Michael Newheile by the grand jury of the United States District Court for the Northern District of Ohio for the said offenses as aforesaid. * * * And, further, that the foregoing information, except as to the fact of the said defendants aforesaid now being within this judicial district, is laid and made upon information and belief, the source of deponent's information and the grounds of his belief being a certified copy of the bill of indictment found and preferred against the defendants as aforesaid in the United States District Court for the Northern District of Ohio, which said certified copy as aforesaid is presented to and filed with the undersigned commissioner by the deponent at the time of the making of this complaint."

The indictment, which was attached to the complaint and made a part of it, sets out the charge of conspiracy against the defendant herein, James A. Jordan, and Michael Newheile by charging them with conspiring at Cleveland, in the county of Cuyahoga, state of Ohio, in the Eastern division of the Northern district of Ohio, and within the jurisdiction of the United States District Court of the Northern District of Ohio, Eastern Division of Ohio, and at Lock Haven, in the state of Pennsylvania, in the Middle district of Pennsylvania, and at Baltimore in the district of Maryland, and at divers other places to the grand jurors unknown, willfully, knowingly, unlawfully, and feloniously to violate the terms and provisions of the National Prohibition Act, commonly called the "Volstead Act," specifying the acts of violation of the said act contemplated by the alleged conspirators, and setting forth the overt act committed by this defendant, James A. Jordan, and Michael Newheile in pursuance of the conspiracy charged in the indictment. The indictment must be considered as part of the complaint in this case in determining the sufficiency of the complaint. It therefore follows that the complaint sets forth the offense with sufficient certainty to afford authority to the commissioner to issue the warrant. Beavers v. Henkel, 194 U. S. 73, 24 S. Ct. 605, 48 L. Ed. 882.

In Rice v. Ames, 180 U. S. 371, 21 S. Ct. 406, 45 L. Ed. 577, a case of extradition to a foreign country in which the complaint was made upon information and belief, it was said, on page 375 (21 S. Ct. 408): "If the officer of the foreign government has no personal knowledge of the facts, he may with entire propriety make the complaint upon information and belief, stating the sources of his information and the grounds of his belief, and annexing to the complaint a properly certified copy of any indictment or equivalent proceeding, which may have been found in the foreign country, or a copy of the depositions of witnesses having actual knowledge of the facts, taken under the treaty and act of Congress. This will afford ample authority to the commissioner for issuing the warrant."

[2] Secondly, as to the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division: The indictment charges conspiracy between the defendant, James A. Jordan, and Michael Newheile, residing at Lock Haven, Pa., and divers other persons to the grand jurors unknown, at Cleveland, in the Northern district of Ohio, Eastern division, and the commission of overt acts in pursuance of said conspiracy, one of the overt acts alleged being the shipment of 100 barrels of beer from Lock Haven, Pa., to Cleveland, Ohio. Section 42 of the Judicial Code (28 USCA § 103) covers this question: "When any offense against the United States is begun in one judicial district and completed in another, it shall be deemed to have been committed in either, and may be dealt with, inquired of, tried, determined, and punished in either district, in the same manner as if it had been actually and wholly committed therein."

This indictment charges conspiracy at Cleveland, in the Northern district of Ohio, Eastern division, in the Middle district of Pennsylvania, in the district of Maryland, and overt acts begun in Lock Haven, in the Middle district of Pennsylvania, and completed in Cleveland, in the Northern district of Ohio, Eastern division. The United States District Court of the Northern District of Ohio, Eastern Division, therefore, has jurisdiction to try this defendant, James A. Jordan, on the charge contained in the indictment.

[3] Thirdly, as to the sufficiency of the indictment: This indictment clearly charges the conspiracy to violate the National Prohibition Act, stating the manner in which the act was to be violated by the alleged conspirators, and stating the overt acts in pursuance of the conspiracy. The indictment clearly charges an offense against the laws of the United States.

In United States v. Benjamin Fogel, John M. Sell, et al., 22 F.(2d) 823, District Judge

Sanborn, in discussing the sufficiency of the indictment said: "In the present case, it is claimed that the indictment is too indefinite to advise the defendant of the crime of which he was charged. The conspiracy is alleged to have been formed in various places, some known and some unknown, throughout the United States. The time is stated to be between the 1st day of April, 1923, and the 16th day of February, 1926. Overt acts are alleged to have been committed at various places throughout the United States, including Cleveland, Ohio, which is in the Eastern division of the Northern district of Ohio. The acts which the conspirators were to do in violation of the National Prohibition Act are set out with particularity. They were to manufacture and sell alcohol in various places throughout the United States for beverage purposes. It may be that the defendant Sell is entitled to a bill of particulars, but that is a matter for the trial court to determine, and not this court. I am of the opinion, therefore, that the indictment does states a public offense, and one which is triable in the Eastern division of the Northern district of Ohio."

[4] Fourthly, as to probable cause: In United States v. Benjamin Fogel, John M. Sell, et al., supra, District Judge Sanborn, in discussing probable cause in removal proceedings, said: "On the question of probable cause, it is well established that the indictment itself, together with proof that the defendant is one named in it, is prima facie evidence of probable cause, but not conclusive evidence. Beavers v. Henkel, 194 U. S. 73 [24 S. Ct. 605, 48 L. Ed. 882]; Benson v. Henkel, 198 U. S. 1 [25 S. Ct. 569, 49 L. Ed. 919]; Hyde v. Shine, 199 U. S. 62 [25 S. Ct. 760, 50 L. Ed. 90]; Greene v. Henkel, 183 U. S. 249 [22 S. Ct. 218, 46 L. Ed. 177]; Tinsley v. Treat, 205 U. S. 20 [27 S. Ct. 40, 51 L. Ed. 689].

"The indictment was introduced in evidence before the commissioner, and there is no dispute in the evidence as to the identity of the defendant Sell. He took the stand himself, and gave testimony tending to prove that he was not guilty of the offense charged against him, and it is now claimed that this evidence given by him, and other evidence of good character offered on his behalf, overcame whatever presumption of probable cause might have been raised by the introduction of the indictment in evidence. The question as to whether the evidence offered by the defendant rebutted the inference arising from the indictment was a question for the commissioner. United States v. Gault [271 U. S. 142, 46 S. Ct. 459, 70 L. Ed. 875], May

22 F.(2d)—45

3, 1926, in which case it is said, referring to the committing magistrate: 'He is not intended to hold a preliminary trial, and if probable cause is shown on the government's side, he is not to set it aside because, on the other evidence, he believes the defendant innocent.' The rules laid down by the courts for the guidance of committing magistrates in cases such as this do not furnish a very definite or satisfacory rule, and it may be that it is impossible to formulate such a rule. It must be kept in mind that a valid indictment has been returned by the grand jury; that the defendant is one of those named in the indictment. It cannot be assumed that the grand jury acted improperly, and that there was no probable cause to justify the indictment."

In United States of America ex rel. Albert Haim v. W. Frank Mathues, United States Marshal, 19 F.(2d) 22, No. 3549, October Term, 1926, Woolley, Circuit Judge, Third Circuit, delivering the opinion of the court in removal proceedings, on the question of probable cause, said:

"The appellant, residing in the Eastern district of Pennsylvania, was indicted with many others by a grand jury in the Northern district of Ohio for conspiring to violate a law of the United States, namely, the National Prohibition Act. * * * Desiring his removal to Ohio, the government instituted proceedings in Philadelphia before a United States commissioner, and at the hearing offered a certified copy of the indictment in proof of probable cause, and produced a witness who identified appellant as one of the defendants against whom he had testified before the grand jury. On cross-examination counsel for the appellant sought to bring out the substance and source of the evidence the witness had given the grand jury, but was prevented by an adverse ruling of the commissioner. The appellant, in an effort to overcome the probable cause thus established, testified that he was innocent of the crime charged against him and produced evidence of his good reputation. The commissioner entered an order of arrest and removal and the appellant at once presented a petition for a writ of habeas corpus to a judge of the District Court of the United States for the Eastern District of Pennsylvania, alleging that his commitment to and detention by the marshal was unlawful, and praying that he be discharged from custody. The learned judge dismissed the petition and this appeal followed.

"The facts in this case raise no new question of law. Judges in this circuit have

reviewed the law of the statute. United States v. Beiner [D. C.] 275 F. 704; United States ex rel. Tassell v. Mathues [C. C. A.] 11 F.(2d) 53. And the Supreme Court in Tinsley v. Treat, 205 U. S. 20, 27 S. Ct. 430, 51 L. Ed. 689, reviewed the law as stated in previous decisions, and in Hughes v. Gault, 271 U. S. 142, 46 S. Ct. 459, 70 L. Ed. 875, it discussed and restated the law of the Tinsley Case. This is the latest authoritive pronouncement on the subject and we think it rules the case at bar in all its aspects. The law of that case and of other cases there approved, in so far as pertinent to this one, is substantially as follows: One accused of crime by indictment in a distant district, though liable to trial wherever indicted, cannot be arbitrarily and summarily removed from the district of his residence, but is entitled to a preliminary hearing. Such preliminary hearing is not a preliminary trial. It is had before a committing magistrate, who may be a judge, commissioner, mayor of a city, or justice of the peace, and it is only such as will bring out the probable cause of the charge and make certain the identity of the defendant. These are the two things that must be established before the accused can be lawfully removed. In such a hearing the function of the magistrate is not ministerial, but is judicial in the limited sense indicated. He must pass on the question of identity * * * and also on that of probable cause. The indictment is itself evidence that there was probable cause for finding it. Of this, however, the indictment is not conclusive. Tinsley v. Treat, 205 U. S. 20, 32, 27 S. Ct./430, 51 L. Ed. 689; its evidential effect is only prima facie. Hence the accused may attack it as not charging a crime, and therefore as not showing probable cause. We have not been persuaded the indictment in this case is faulty in that respect. But the accused may further rebut the government's prima facie case by evidence, the exact nature of which in any given instance we, of course, do not undertake to prescribe. In the case at bar, however, the appellant's main attack on the government's prima facie case was by his own evidence denying his guilt and the evidence of others proving his good reputation. His denial of guilt was nothing more than a plea of not guilty, and evidence of reputation did not aid it. The question whether he is guilty still remains, and that question is triable, not by a magistrate at a preliminary hearing, but only by a jury at final trial. Collins v. Loisel, 259 U. S. 309, 314, 315, 42 S. Ct. 469, 66 L. Ed. 956; Hughes v. Gault, supra. A preliminary hearing is afforded the accused to ascertain the probable cause of the charge made against him as justification for an order for his arrest and removal, not to determine his guilt or innocence, and the law intends that 'if probable cause is shown on the government's side [the magistrate] is not to set it aside because on the other evidence he believes the defendant innocent.' Hughes v. Gault, supra. In other words, the only issue before the magistrate (after that of identity) is probable cause; the rest is for a jury. This, we understand, is the construction which the Supreme Court has given R. S. § 1014 [18 USCA § 591] in Hughes v. Gault, supra, where, as here, the accused denied his guilt and resisted removal on that evidence as rebutting the probable cause implicit in an indictment validly charging a crime."

In Magnus v. Keville, United States Marshal (C. C. A.) 6 F.(2d) 157, it was held: "In removal proceedings, under Rev. St. § 1014 (Comp. St. § 1674), indictment is evidence of probable cause, and not merely ground for presumption, which would disappear as soon as countervailing evidence is offered." In this case, the question of identity of the defendant, James A. Jordan, is waived, and probable cause is established.

[5] Fifthly, as to the proper place for trial: The defendant contends that, even though the arrest be lawful and the court of the Northern district of Ohio, Eastern division, have jurisdiction, and the indictment sufficiently charge an offense, and there be probable cause, still this defendant should be tried in the Middle district of Pennsylvania, and not in the Northern district of Ohio, Eastern division. The defendant contends that, since the indictment charges conspiracy to have been committed by him in the Middle district of Pennsylvania, as well as in the Northern district of Ohio, Eastern division, he should be tried in the Middle district of Pennsylvania where he resides.

The defendant cites and relies upon the Sixth Amendment to the Constitution of the United States and similar provisions in the federal Constitution and the Constitution of Pennsylvania. The Sixth Amendment to the Constitution of the United States provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed."

In Re Palliser, 136 U. S. 257, on page 265, 10 S. Ct. 1034, 1036 (34 L. Ed. 514), Mr. Justice Gray, delivering the opinion of the court, said:

"The remaining and more interesting question is whether the petitioner can be tried

for this offense in the district of Connecticut. The petitioner relies on those provisions of the Constitution of the United States which declare that in all criminal prosecutions the accused shall have the right to be tried by an impartial jury of the state and district wherein the crime shall have been committed. Article 3, § 2; Amendment, art. 6. But the right thereby secured is not a right to be tried in the district where the accused resides, or even in the district in which he is personally at the time of committing the crime, but in the district 'wherein the crime shall have been committed.' "

In Beavers v. Henkel, 194 U. S. 73, on page 82, 24 S. Ct. 605, 606 (48 L. Ed. 882), Mr. Justice Brewer, delivering the opinion of the court, said:

"At the outset it is well to note that this is not a case of extradition. There was no proposed surrender of petitioner by the United States to the jurisdiction of a foreign nation, no abandonment of the duty of protection which the nation owes to all within its territory. There was not even the qualified extradition which arises when one state within the Union surrenders to another an alleged fugitive from its justice. There was simply an effort on the part of the United States to subject a citizen found within its territory to trial before one of its own courts. The locality in which an offense is charged to have been committed determines under the Constitution and laws the place and court of trial. And the question is what steps are necessary to bring the alleged offender to that place and before that court."

The law requires that the defendant, Jordan, be tried, not where he resides, but "where the crime shall have been committed," and the indictment in this case charges the crime to have been committed in the Northern district of Ohio, Eastern division, as well as in other places, and therefore the United States District Court of the Northern District of Ohio, Eastern Division, has jurisdiction to try this defendant.

And now, October 17, 1927, the motion of defendant to quash the complaint and set aside the warrant and service thereof is dismissed, and the rule granted thereon is discharged; the motion of Andrew B. Dunsmore, United States attorney for the Middle district of Pennsylvania, asking the court for an order of removal of defendant from the Middle district of Pennsylvania to the Northern district of Ohio, Eastern division, at Cleveland, Ohio, for trial, is granted, and the United States attorney for the Middle district of Pennsylvania is directed to prepare the proper order of removal.