### GREGG v. UNITED STATES.

#### No. 11660.

Circuit Court of Appeals, Eighth Circuit.

July 24, 1940.

Rehearing Denied Aug. 16, 1940.
Second Application for Rehearing Pending.

Roy Hamlin and Ben Ely, both of Hannibal, Mo. (Schaefer O'Neill, of Alton, Ill., and Sam Friedman, of Hannibal, Mo., on the brief), for appellant.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo. (Arthur A. Hapke, Asst. U. S. Atty., of St. Louis, Mo., on the brief), for appellee.

Before WOODROUGH and THOMAS, Circuit Judges, and BELL, District Judge.

THOMAS, Circuit Judge.

Richard Gregg was tried, convicted and sentenced in the court below on two counts of an information charging violations of the federal liquor laws, and he appeals.

Count 1 of the information charged an unlawful attempt to import, bring and transport intoxicating liquor into the state of Kansas, a state qualified by its laws for protection under the Twenty-first Amendment to the Constitution of the United States, in violation of 27 U.S.C.A. § 223. Count 2 charged the unlawful shipment of a quantity of intoxicating liquor from the state of Illinois into the state of Missouri without a label on the outside cover of the packages in which the liquor was contained showing the name of the consignee, the nature of the contents and the quantity of liquor contained therein as required by 18 U.S.C.A. § 390.

The appellant contends that the court erred on the trial: (1) In overruling appellant's motion for a directed verdict on count 1 for the reasons (a) that the government failed to prove the corpus delicti by evidence de hors his confession, (b) that the evidence, including the confession, failed to show an act constituting an attempt within the meaning of the statute, (c) that the Kansas Prohibition Act does not denounce an attempt to import liquor into the state and hence does not qualify Kansas for protection under the provisions of the federal law relating to attempts; (2) in failing to direct a verdict on count 2 because the federal statute under which this count was drawn is applicable only to common carriers, and the evidence shows that appellant is not a common carrier; (3) in failing to sustain appellant's motion to require the government to elect between counts 1 and 2; and (4) in failing to sustain appellant's motion to suppress evidence alleged to have been obtained through illegal search and seizure in violation of the Constitution of the United States.

1. The contention that a verdict should have been directed for the defendant on count 1 requires a review of the evidence. The appellant urges that his conviction on count 1 rests solely upon his written and oral confessions to state and federal officers following his arrest, uncorroborated by any relevant independent evidence tending to indicate his intent to transport the liquor found in his possession into the state of Kansas.

The appellant was arrested at Shelbina, Missouri, on July 7, 1939. Prior to his arrest he had been traveling westward in a 1939 Oldsmobile coupe on Highway 36. While stopping at Shelbina for tire repairs the appellant was accosted by a Missouri State Highway Patrolman whose suspicions were aroused by certain details in appellant's appearance. Upon the discovery that the car carried a large amount of liquor the appellant was arrested. Thereafter it was disclosed that the division between the seat and the turtleback of the

coupe had been removed and that this space was filled with more than 50 cases of intoxicating liquor. The assorted packages contained whiskey, gin, rum and alcohol in the amount of approximately 160 gallons. The car was equipped with special rear wheels and heavy truck tires. It bore Kansas license plates.

Following his arrest the appellant was placed in the custody of the sheriff of Shelby County, Missouri. Shortly thereafter he was released into the custody of federal authorities together with the car, the liquor and the other evidence found in his possession.

In response to inquiry by the state officers immediately after the arrest the appellant stated that he was transporting the liquor to Corinth, Mississippi. Upon being told that his story did not sound plausible in view of the fact that he had been traveling in another direction at the time of his arrest and that he would be held for investigation unless he told the truth, the appellant talked freely and agreed to sign a written confession. He later reiterated to the federal authorities the same account of his past operations and his intentions concerning the destination of the consignment of liquor found in his possession.

In substance appellant's oral statements to the state and federal officers were as follows: His home is in Norton, Kansas. He had been hauling liquor from outside the state into Kansas since 1933. This was his second trip since the enactment of the Kansas Prohibition Act, effective June 30, 1939. He had purchased liquor from the Country Club Distributing Company of Alton, Illinois, during the past year. About three weeks prior to his arrest he met a man named Tex at Alton. Tex told him that since the Kansas Prohibition Act became effective the Country Club Distributing Company would not sell liquor to him with Kansas license plates on his car and that it would be necessary for him to procure different license tags. Tex said that he was going to Mississippi and would make arrangements to get a Mississippi license for him. Later Tex delivered Mississippi license plates to him and informed him that he, Tex, had made arrangements with one Frank Williams of Corinth, Mississippi, for Gregg to purchase liquor under Williams' name, and that he was to pay Williams 25 cents a case for the use of Williams' federal liquor permit. Gregg

had previously charged $2.50 a case for hauling liquor into Kansas, but since Kansas had changed its laws he had raised his hauling charge to $3.50 per case. He said that he had intended to deliver 29 cases of his present consignment of liquor to Ted Lowe at Colby, Kansas, and 26 cases to A. M. Saint at the same place.

Gregg's written and verified statement given to the Missouri officials reads:

"Shelbyville Mo.
July 7, 1939

My name is Richard Gregg and I live in Norton Kansas,. This makes my second trip since the new federal law went into effect in Kansas. A man by the name of Tex went to Corinth Miss. and got my Miss. licenses for me and also saw a man by the name of Frank . Williams to see about useing his Permit I am to pay him Twenty Five Cents a case for.

When I went to the Wholesale house in Alton Ill. I had on Miss. Licenses. After I got my load I caame on to Hannibal Mo. then on to Shelbina Mo. where I got pick-up. I changed my Miss. Licenses to Kansas Licenses before I got to the Mo. Line. This load was billed to Frank Williams at Corinth Miss. but I am takeing 29 casess to Ted Lowe at Colby Kansas for this I receive $3.50 a case and 26 cases to A. M. Babe saint for this I receive $3.50 a case I was going to St. Joseph and then on Highway 71 and 275 to No. 3 in Iowa then through Neb. then into Kansas North to Colby Kansas.

This statement was made by me on my own free will and accord with out any threats or promises

(signed) Richard Gregg".

As independent evidence corroborating the appellant's confession the government proved that the appellant had made his home in Norton, Kansas, for a number of years. It was further shown that at the time of his arrest the appellant had in his possession a bill of sale dated July 6, 1939, indicating a sale of the liquors in the car by the Country Club Distributing Co., of Alton, Illinois, to "Frank Williams, Gen. Del., Corinth, Miss." The liquors were invoiced by separate packages and were totaled in two lots showing an aggregate sale price of $931.45 plus "Haul $3.25" or an apparent aggregate hauling charge of $178.75. There was also found in the appellant's possession a Kansas Chauffeur's license issued in his name, a Kansas Certificate of Title to the car issued in the name of Edna Mae Gregg,

wife of appellant, a Road and Bridge Privilege Tax License issued by the State of Mississippi to Edna Mae Gregg describing the same car, a set of Mississippi license plates for the year 1939, an Illinois certificate of title issued to Edna Mae Gregg, and a set of 1939 Illinois license plates.

The government proved that this particular consignment of liquor was purchased from the Alton, Illinois, Company by a draft in the amount of $1,000 issued to the appellant by the First State Bank of Norton, Kansas, on July 5, 1939. Five other drafts issued by the Kansas bank each in the amount of $1,000 and each made payable to the appellant or his wife were introduced in evidence. These drafts were issued at intervals between January 5, 1939, and July 5, 1939, and were all endorsed by Gregg or his wife and by the Country Club Distributing Company of Alton, Illinois. The report of the Illinois company made to the United States government for the month of July, 1939, indicate sales to "Frank Williams, Corinth, Mississippi", on July 1, July 5, and July 6, 1939. The sale on July 6, was identified as the same sale as that indicated by the invoice in the possession of the appellant at the time of his arrest. No sale in the name of the appellant was shown.

■■ It is the law that unless corroborated by independent evidence of the corpus delicti, the extrajudicial confession or declarations of a defendant charged with crime are not sufficient to authorize a conviction. Martin v. United States, 8 Cir., 264 F. 950; Naftzger v. United States, 8 Cir., 200 F. 494, 498. The independent evidence, however, need not be of itself sufficient proof of guilt but need only be a substantial showing which together with the defendant's confession or admissions establishes the crime beyond a reasonable doubt. Naftzger v. United States, supra; Daeche v. United States, 2 Cir., 250 F. 566; Jordan v. United States, 4 Cir., 60 F.2d 4; Forte v. United States, 68 App.D. C. 111, 94 F.2d 236. In this instance the independent evidence introduced by the government corroborated the appellant's confession in every essential detail. Apart from the confession the evidence was sufficient to permit a legitimate inference that the appellant's destination was the State of Kansas. The appellant's home was in Kansas. He was traveling in that direction, but a few hours distant from the Kansas line. Considered with his confession and with the other circumstances shown by the government the evidence warranted the jury in finding beyond a reasonable doubt that appellant intended to transport the liquor into the state of Kansas. See Berryman v. United States, 6 Cir., 259 F. 208; Mangum v. United States, 9 Cir., 289 F. 213.

The appellant contends further that since he was apprehended approximately 150 miles from the Kansas line he can not be held guilty of an attempt to import liquor into the state of Kansas. The argument is that the completed act could not have been performed until the appellant had passed beyond the Kansas border and that at most the appellant was guilty only of an intent to perform a criminal act which had not been carried beyond the stage of certain uncompleted preparations for its execution. He calls attention to the fact that an attempt is an endeavor to do an act carried beyond mere preparation, but falling short of execution, and that it must be a step in the direct movement towards the commission of the crime after preparations have been made. People v. Collins, 234 N. Y. 355, 137 N.E. 753. The act must "carry the project forward within dangerous proximity to the criminal end to be attained." Cardozo, J., in People v. Werblow, 241 N. Y. 55, 148 N.E. 786, 789; People v. Rizzo, 246 N. Y. 334, 158 N.E. 888, 55 A.L.R. 711; People v. Miller, 2 Cal. 2d 527, 42 P.2d 308, 98 A.L.R. 913; State v. McCarthy, 115 Kan. 583, 224 P. 44; State v. Davis, 319 Mo. 1222, 6 S.W.2d 609; Commonwealth v. Peaslee, 177 Mass. 267, 59 N.E. 55; Wooldridge v. United States, 9 Cir., 237 F. 775.

■■ Title 27, U.S.C.A. § 223 reads: "Whoever shall import, bring, or transport any intoxicating liquor into any State in which all sales * * * are prohibited, otherwise than in the course of continuous * * * transportation through such State, or attempt so to do, * * * shall: * * * (2) if all importation, bringing, or transportation of intoxicating liquor into such State is prohibited by the laws thereof; be guilty of a misdemeanor and shall be fined not more than $1,000 or imprisoned not more than one year, or both." This statute should be given an interpretation consonant with its purpose. United States v. Freeman, 239 U.S. 117, 120, 36 S.Ct. 32, 60 L.Ed. 172; United States v. Union Mfg. Co., 240 U.S. 605, 611, 36 S. Ct. 420, 60 L.Ed. 822. To hold that the

appellant could not pass beyond the stage of mere preparation until he had reached some indeterminate point near the Kansas line would practically nullify the provisions of the statute relative to attempts and would serve to increase the difficulties attending the suppression of illegal traffic in intoxicating liquors. Everard's Breweries v. Day, 265 U.S. 545, 560, 44 S.Ct. 628, 68 L.Ed. 1174. Crane v. Campbell, 245 U.S. 304, 307, 38 S.Ct. 98, 62 L.Ed. 304. The transportation of goods into a state is essentially a continuing act not confined in its scope to the single instant of passage across a territorial boundary. In our view the appellant advanced beyond the stage of mere preparation when he loaded the liquor into his car and began his journey toward Kansas. From that moment he was engaged in an attempt to transport liquor into Kansas within the clear intent of the statute. United States v. Freeman, 239 U.S. 117, 120, 36 S.Ct. 32, 60 L.Ed. 172; Cunard S. S. Co. v. Mellon, 262 U.S. 100, 122, 43 S.Ct. 504, 67 L.Ed. 894, 27 A.L.R. 1306; United States v. Picou, 5 Cir., 71 F.2d 854, 855; Reass v. United States, 4 Cir., 99 F.2d 752, 754.

■ The contention that the Kansas statute (Laws of Kansas 1939, Chapter 179) does not punish attempts to import liquor into the state and that therefore no crime can be said to have been committed is without merit. An importer of liquor into Kansas may violate both the Kansas and the federal laws. In addition the federal act denounces an attempted importation or transportation of liquor into the state. The attempt is a federal crime and it is immaterial that it is not also a state crime. No warrant is to be found in the federal statute for the limitation suggested by appellant.

■ 2. With reference to the second count the appellant argues that Section 390, Title 18, U.S.C.A., applies only to shipments by a common carrier. In view of the sentences imposed on appellant it is unnecessary to decide this question. See Blumenthal v. United States, 8 Cir., 88 F.2d 522, 528. On count 1 the appellant was sentenced to one year in jail and ordered to pay a fine of $1,000. On count 2 he was sentenced to one year in jail, the sentence to run concurrently with that on count 1. The sentence on count 2 was therefore without prejudice. Weaver v. United States, 8 Cir., 111 F.2d 603; Little v. United States, 8 Cir., 93 F.2d 401.

■ 3. The appellant further contends that the government should have been required to elect between counts 1 and 2. The argument is that these counts were inconsistent and that without regard to the fact that appellant was not prejudiced by the sentences, he was prejudiced in the sense that the government might have chosen to rely on a count upon which there was a failure of proof and in this event the appellant would have gone free. This amounts to nothing more than an attempt to trap the prosecution. In any event the two counts were not inconsistent. Both charged offenses arising out of the same transaction. Lucas v. United States, 8 Cir., 275 F. 405, 406.

■■ 4. Finally, the appellant insists that the court erred in refusing to sustain the motion to suppress evidence alleged to have been obtained by illegal search and seizure. The appellant's motion alleged that the search was made by a Missouri State Highway Patrolman without a search warrant or other process, in violation of the constitution of the United States and especially of the Fourth and Fifth Amendments. There is no showing that the contention now argued, that is that the search and seizure was also a violation of the Fourteenth Amendment, was made to the trial court. The appellant has therefore waived this objection in the trial below and cannot assert it for the first time on appeal. The contention is, however, without merit. Evidence wrongfully obtained by persons other than federal officers is admissible in federal prosecutions. Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048, 13 A.L.R. 1159; Miller v. United States, 3 Cir., 50 F.2d 505; Lerskov v. United States, 8 Cir., 4 F.2d 540; Bruce v. United States, 8 Cir., 73 F.2d 972; Crank v. United States, 8 Cir., 61 F.2d 981.

The judgment is affirmed.