## GREGG v. UNITED STATES.
### No. 11660.·

Circuit Court of Appeals, Eighth Circuit.
Dec. 18, 1940.

610

For prior opinion, see 113 F.2d 687.

R. Bowland Ritchie, of Wichita, Kan., Roy Hamlin and Ben Ely, both of Hannibal, Mo., Schaefer O'Neill, of Alton, Ill., and Sam Friedman, of Hannibal, Mo., for appellant.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo., and Arthur A. Hapke, Asst. U. S. Atty., of St. Louis, Mo., for appellee.

Before WOODROUGH and THOMAS, Circuit Judges, and BELL, District Judge.

PER CURIAM.

### Count I.

By opinion of this court handed down July 24, 1940, 113 F.2d 687, 688, the court affirmed the conviction of appellant herein upon the first count of an information which charged him with an attempt to import intoxicating liquor into the state of Kansas. A motion for rehearing was denied, but before our mandate was issued appellant applied for leave to file a second petition for rehearing, claiming that the federal law under which he was prosecuted (Title 27 U.S.C.A. § 223) does not prohibit either an importation or an attempt to import intoxicating liquor into the state of Kansas, and that there was plain error in his conviction for violation of that statute which is apparent on the record and requires reversal. He presented that the particular point was raised and was pending for decision before this court in the case of Arnold v. United States, 8 Cir., 115 F.2d 523, 525, No. 11,677, and on the showing made we granted him leave to file the second petition for rehearing. In our opinion in the case we had referred to Kansas as "a state qualified by its laws for protection under the Twenty-first Amendment to the Constitution of the United States", but we did not discuss or consider the point raised in the second petition for rehearing. It was not preserved in accordance with our rules. On the 20th of November, 1940, this court (three other judges sitting) handed down its opinion in No. 11,677, Arnold v. United States, reversing conviction of the appellant in that case for an attempt to import intoxicating liquor into Kansas in alleged violation of 27 U.S.C.A. § 223. It is there decided that upon comparison of the provisions of the Kansas prohibition statutes,

G.S. of Kansas 1935, 21-2101; G.S. of Kansas 1939 Supp. 21-2109, and the federal statute, 27 U.S.C.A. § 223, "we can not say that the federal act applies to the State of Kansas", and on that determination the conviction was reversed.[1] That decision based upon careful consideration of matters of law necessarily involved in but not passed on in this appellant's case, has become final, no motion for rehearing having been filed within the time provided by the rule, and there is manifest inconsistency between the result in the Arnold case and the result that would follow adherence to

---

[1] "A number of grounds for reversal are urged, but in our view it will only be necessary to consider the ruling of the court on defendant's demurrer to the evidence and his motion for acquittal of the charge contained in the indictment. The indictment is based upon Section 223, Title 27 U.S.C.A., which, so far as here material, reads as follows:

"'(a) Whoever shall import, bring, or transport any intoxicating liquor into any State in which all sales (except for scientific, sacramental, medicinal, or mechanical purposes) of intoxicating liquor containing more than 4 per centum of alcohol by volume are prohibited, otherwise than in the course of continuous interstate transportation through such State, or attempt so to do, or assist in so doing, shall: (1) If such liquor is not accompanied by such permit or permits, license or licenses therefor as are now or hereafter required by the laws of such State; or (2) if all importation, bringing, or transportation of intoxicating liquor into such State is prohibited by the laws thereof; be guilty of a misdemeanor and shall be fined not more than $1,000.-00 or imprisoned not more than one year, or both.'

"The statute then provides that in determining whether one is acting in violation of its provisions, 'the definition of intoxicating liquor contained in the laws of such State shall be applied, but only to the extent that sales of such intoxicating liquor * * * are prohibited in such State.' It is therefore necessary to consider the law of the State of Kansas pertaining to intoxicating liquor. The Kansas statute which prohibits the possession or sale of intoxicating liquor reads as follows:

"G.S. of Kansas 1935, '21-2101. It shall be unlawful for any person to directly or indirectly manufacture, sell, barter, or give away, furnish or keep or have in his possession for personal use or otherwise any spiritous, malt, vinous, fermented or other intoxicating liquors, or permit another to have or keep or use any such liquors on any premises owned or controlled by him, except druggists or registered pharmacists, as hereinafter provided. * * *'

"Intoxicating liquor is defined by the Kansas statute as follows:

"G.S. of Kansas 1939 Supp., '21-2109. The terms spiritous, malt, vinous, fermented or other intoxicating liquors as used in sections 21-2101 to 21-2108, inclusive, of the General Statutes of 1935, and all amendments thereto, are hereby defined to include all beverages which contain more than three and two tenths percent (3.2%) of alcohol by weight and all such beverages are hereby declared to be intoxicating liquors under the laws of this state.'

"The Federal statute upon which the indictment is based prohibits the transportation of liquor into any state in which all sales (with exceptions not here material) of intoxicating liquor containing more than 4 per cent. of alcohol by volume are prohibited. On the other hand, the Kansas statute defining intoxicating liquor includes such liquor as contains more than 3.2 per cent. of alcohol by weight. The record is devoid of proof as to the relative alcoholic content of a liquor or beverage in which alcohol constitutes 4 per cent. by volume and a liquor or beverage in which alcohol constitutes 3.2 per cent. by weight. What the fact may be in this regard is not of such common knowledge that the court may know it judicially. United States v. Miller, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206; Wm. A. Smith Const. Co. v. Brumley, 10 Cir., 88 F.2d 803. Whether the laws of Kansas prohibit all sales of intoxicating liquor containing more than 4 per cent. of alcohol by volume depends upon whether 3.2 per cent. by weight is the same or less than 4 per cent. by volume. This presents a problem of translating terms used in one statute into terms used in another statute. We are cited to no recognized standards, tables or formulæ, by aid of which such translation of terms may be effected. We can not presume that it is impossible to have an alcoholic beverage containing not more than 3.2 per cent. of alcohol by weight, which contains more than 4 per cent. of alcohol by volume, and hence, we can not say that the federal act applies to the State of Kansas. The statute is applicable only where the state has adopted a control method coming within that outlined by the federal statute. Dunn v. United States, 10 Cir., 98 F.2d 119, 117 A.L.R. 1302. The conviction on the indictment is therefore reversed."

our opinion in this case, though analogous facts are presented.

■ We have accordingly re-examined the record herein. It discloses that the bill of exceptions is made up under the new rules and bears the acceptance and approval of the appellee as well as the court's approval and signature. It includes no certificate that it contains all the evidence, but it is recited that "The plaintiff in order to sustain the issues on its behalf introduced the following evidence:" and there follows the testimony of the several witnesses in order and identified exhibits. At the conclusion, motions made by defendant are shown, and the court said to the District Attorney: "What do you say now at the close of all the evidence, Mr. District Attorney?". He answered that the government had the right to go to the jury on both counts. And the court so ruled. Whereupon the case was argued. Such recitals and disclosures establish that the bill of exceptions contains all the evidence. Gunnison County Comm. v. Rollins, 173 U.S. 255, 19 S.Ct. 390, 43 L.Ed. 689; Clyatt v. United States, 197 U.S. 207, loc. cit. 220, 25 S.Ct. 429, 49 L.Ed. 726. There was no evidence concerning the relative alcoholic content of a liquor or beverage in which alcohol constitutes 4 per cent by volume and a liquor or beverage in which alcohol constitutes 3.2 per cent by weight.

■ The record also shows that the trial court instructed the jury[2] that it was a fact of which judicial notice was required to be taken, about which the jury could not argue or dispute, that the use of intoxicating liquor for beverage purposes in Kansas was prohibited by the laws thereof and that under the federal statute, any one who attempts to import intoxicating liquor into that state shall be guilty of an offense. Having found that defendant committed the acts charged against him, the jury was bound by the instruction to follow the law so announced by the court and to convict. Manifestly such instruction on the law given by the court was erroneous under the decision in the Arnold case.

■ It therefore clearly appears on the face of the record before us, having regard to the lack of evidence and the instruction given, that the appellant has been erroneously convicted of an offense which was not shown to have been committed. Notwithstanding the failure of his counsel to properly present the error, this court must take notice of it and reverse in the public interest and to guard against injustice. Cox v. United States, 8 Cir., 96 F.2d 41; Ayers v. United States, 8 Cir., 58 F.2d 607.

On consideration of the second petition for rehearing and the able and comprehensive brief for the government in opposition thereto, the judgment of conviction on the first count of the information is reversed with remand for new trial.

---

[2] "The law of Kansas is—the Court is required to take judicial notice of it, and you are required to take judicial notice of it, and you may accept it as a fact in this case about which you may not argue or dispute, but you must accept it as a fact—that the use of intoxicating liquor for beverage purposes in Kansas is prohibited by the laws thereof. You may also accept it as a fact that all importation of intoxicating liquors into the State of Kansas are prohibited by law, except those certain named exceptions, which we need not consider in this case. You must take it as a settled fact of which we must take judicial notice that the sale of intoxicating liquor for beverage purposes in the State of Kansas is prohibited, and that the importation, or carrying of such liquor into Kansas is likewise prohibited. That is the law as far as the State of Kansas is concerned. Still we would not have any federal offense, and you would not be sitting here hearing this case today, if Congress had not acted with reference to this subject, and it has.

"We have on the statute books, the federal statute books, a statute enacted by Congress. We have a statute which says in effect—I will not read it all—whoever shall import, or bring or transport any intoxicating liquor into any state in which all sales of intoxicating liquor containing more than four percent of alcohol by volume are prohibited, or attempt to do so, or assist in so doing, shall, if all importations and bringing of intoxicating liquors into such state are prohibited by the laws thereof, be guilty of a criminal offense.

"This statute, and that is the basis for this first count, simply says that if the laws of a state prohibit the use of intoxicating liquor for beverage purposes, and if they prohibit the importation of intoxicating liquor into that state, then, if anybody imports it, or brings it in, or transports any intoxicating liquor into the state, or if he attempts to do so, or if he assists in doing so, he shall be guilty of an offense."

## Count II.

As stated in our opinion, Count two of the information in this case "charged the unlawful shipment of a quantity of intoxicating liquor from the state of Illinois into the state of Missouri without a label on the outside cover of the packages in which the liquor was contained showing the name of the consignee, the nature of the contents and the quantity of liquor contained therein, as required by Title 18 U. S.C.A. § 390." The defense was that the section applies only to shipments by a common carrier. There was neither allegation nor proof of any shipment by common carrier. The information alleged only that "defendants did by means of an automobile, from the City of Alton, in the State of Illinois, ship, remove and transport into the State of Missouri, * * *". In the case of Arnold v. United States, supra, it is decided by this court that the statute has application only to shipments by common carrier and the conviction on this count must, therefore, be reversed and the prosecution dismissed.

Second count dismissed.