## UNITED STATES v. JOHNSON et al.
### Cr. A. No. 296.

District Court, D. Delaware.

Jan. 26, 1944.

Stewart Lynch, U. S. Atty., of Wilmington, Del., for the United States.

H. Albert Young and Alexander Jamison, both of Wilmington, Del., for defendants.

LEAHY, District Judge.

This matter is here on motions to quash and demurrers to an information charging defendants with violation of an Act of Congress, 56 Stat. 1087, approved December 24, 1942, 18 U.S.C.A. § 420f. The pertinent provisions of the Act provide:

"[That] it shall be unlawful, in the course of the conduct of a business of constructing or supplying dentures from casts or impressions sent through the mails * * * to use the mails * * * for the purpose of sending or bringing into any State or Territory the laws of which prohibit—* * *

"(2) the construction or supply of dentures by a person other than, or without the authorization or prescription of, a person licensed under the laws of such State or Territory to practice dentistry; or,

"(3) the construction or supply of dentures from impressions or casts made by a person not licensed under the laws of such State or Territory to practice dentistry, any denture constructed from any cast or impression made by any person other than, or without the authorization or prescription of, a person licensed under the laws of the State or Territory into which such denture is sent or brought to practice dentistry." The Act contains definitions and penalties.

The information alleges violation of the statute in that on August 25, 1943 defendants, while engaged in the course of conducting a business of constructing or supplying dentures from casts or impressions to be sent through the mails or in interstate commerce, "did use the United States mails for the purpose of sending a set of dentures from the State of Illinois into the State of Delaware, * * * *". However, it is essential to note that there is no allegation that the dentures were, in fact, received or delivered in the State of Delaware.

The information then alleges that the laws of Delaware "prohibit the taking of impressions or casts of the human mouth by a person not licensed under the [Delaware] laws to practice dentistry and likewise prohibits the construction or supply of dentures by a person other than and without the authorization or prescription of a person licensed under the [Delaware] laws * * * to practice dentistry and also prohibits the construction or supply of dentures from impressions or casts made by a person not licensed under the [Delaware] laws * * * to practice dentistry * * * *". The information continues by charging that the dentures

mailed by the defendants in Illinois to be sent into Delaware were not "constructed by or under the authorization of or pursuant to a prescription of a person licensed under the laws of the State of Delaware to practice dentistry * * *". This is the initial appearance of the federal statute before a federal court.

Defendants attack the information on several grounds: (1) the court of this district does not have jurisdiction; (2) the form of the Delaware statutes is such that they are not integrated or covered by the federal provisions; and (3) if they are covered the state and federal statutes are unconstitutional. I shall discuss merely the question of jurisdiction for my holding in regard to it will be dispositive of the matter now before me.

■ Defendants contend that unlawful use of the mails under this statute can be prosecuted only in the district in which the prohibited matter was deposited in the mails. I think this position sound. The significant words of the statute are "to use the mails * * * for the purpose of sending or bringing into any State * * *." That which the statute condemns, therefore, is the use of the mails for the purpose of sending or bringing prohibited matter into the State. It is well established—with minor exceptions none of which apply here—that for most crimes an act and intent are essential. The crime defined in the statute sub judice requires these elements. Obviously, both of these operative facts occurred in Chicago—the place where the package was mailed with the *purpose* of sending or bringing it into Delaware.

■ In short, there was a completed criminal offense at the moment of mailing because use plus purpose of sending or bringing into any State is what the statute prohibits. It is not an essential prerequisite to a valid conviction that the purpose or intent be, in fact, effectuated. Since the crime was complete at the place of sending, with the purpose mentioned, the government's contention bottomed on Section 42 of the Judicial Code [1] (28 U.S.C.A. § 103) and cases decided under it

is wide of the mark. The typical cases under Section 42 are those involving, for the most part, the crime of conspiracy. A conspirator may be prosecuted either where the conspiracy is formed or where the overt act is committed. Grigg v. Bolton, 9 Cir., 53 F.2d 158; United States v. Jordan, D.C., 22 F.2d 702. In such situations the statute, in order to prevent a failure of justice, has made the offense punishable in either district as if it had been wholly committed therein. The statute was required to take this form in order to conform to the Sixth Amendment to the Constitution which guarantees to an accused the right to jury trial in "the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law." It is necessary to distinguish carefully situations where an offense was committed in both districts or where it was completed in the second district. See In re Palliser, 136 U.S. 257, 10 S.Ct. 1034, 34 L.Ed. 514; United States v. Freeman, 239 U.S. 117, 36 S.Ct. 32, 60 L.Ed. 172. Manifestly, such cases are inappropriate here where the offense was completed at the district of mailing, and where the statute invoked does not create an offense in a second or other district.

■ The meaning of the language of the statute is plain; and in the absence of a special venue provision the alleged offense must be prosecuted in the district where the crime was actually and wholly committed. It is true, of course, that if Congress intended to use the words of the statute in other than their ordinary meaning, the court will accept the Congressional dictionary . meaning of the words. This is in accord with Boston Sand Co. v. United States, 278 U.S. 41, 49 S.Ct. 52, 54, 73 L.Ed. 170. There the Supreme Court said: " * * * when the meaning of language is plain we are not to resort to evidence in order to raise doubts. That is rather an axiom of experience than a rule of law, and does not preclude consideration of persuasive evidence if it exists. If Congress has been accustomed to use a certain phrase with a more limited meaning than might be at-

[1] The statute provides that "When any offense against the United States is begun in one judicial district and completed in another, it shall be deemed to have been committed in either, and may be dealt with, inquired of, tried, determined, and punished in either district, in the same manner as if it had been actually and wholly committed therein." In this case, the offense was actually and wholly committed in Chicago, Illinois, so this statute is manifestly inapplicable.

tributed to it by common practice it would be arbitrary to refuse to consider that fact when we come to interpret a statute." With respect to the present statute, however, there is, indeed, much persuasive evidence that Congress intended the words of the statute to have their ordinary meaning. Legislative history supports the conclusion reached here. The Postmaster General, for example, expressed the opinion [2] that the statute does not provide for prosecution of violators in the jurisdiction where the material is caused to be delivered. H.R. 5674, 77th Cong., 1st Sess., is referred to in the Congressional Record as of September 17, 1941. It contains the statute which was before the Postmaster General and which he suggested should be rewritten so as to contain a venue provision. Three months later, when the Subcommittee of the House commenced its hearings on February 3, 1942, the statute in the form in which it appears in H.R. 5674 and in its present form as enacted, was introduced before the Subcommittee, together with the recommendation of the Postmaster General. See Hearing of Subcommittee on H.R. 5674, pp. 1–3. Likewise, the Subcommittee of the Senate commenced its hearings on July 15, 1942, and it had the identical statute before it. See Hearings before Subcommittee on S. 2371, pp. 1, 2. A diligent reading of the reports of the hearings before both branches of Congress fails to disclose that the Postmaster General's suggestion was either considered or acted upon. This is significant, for I do not think that Congress should be presumed to have intended that the statute should have a meaning at war with the interpretation of the governmental department charged with its administration. This precludes, I think, a holding that Congress used the words of the statute in other than their plain and ordinary meaning.

Moreover, if Congress had intended that violators could be prosecuted in the district in which the articles were delivered it could easily have said so as it had done in several prior instances. Sec. 20(b), 15 U.S.C.A. § 77t(b) of the Securities and Exchange Act, for example, in dealing with transmission of a prospectus or a security provides that: "Any such criminal proceeding may be brought either in the district wherein the transmittal of the prospectus or security complained of begins, or in the district wherein such prospectus or security is received." I shall not pause to discuss the fundamental rule of strict construction of criminal statutes as an additional support to defendants' contention. See Prussian v. United States, 282 U.S. 675, 51 S.Ct. 223, 75 L.Ed. 610; United States v. Resnick, 299 U.S. 207, 57 S.Ct. 126, 81 L.Ed. 127.

Finally, the government in drafting the present information adopted what defendants argue is the correct interpretation of the statute. The information charges that defendants "did use the United States mails for the purpose of sending a set of dentures from the State of Illinois into the State of Delaware * * *". There is no allegation that the dentures were actually received or delivered in the State of Delaware. It may fairly be said, therefore, that the information accepts the correctness of defendants' contention, for if the government were right in its interpretation it would have alleged that the dentures were received or delivered within this district. This it has failed to do. The internal evidence indicates, then, that the draftsman of the information subconsciously interpreted the statute as I have.

Since the offenses were completed in Chicago, Illinois, and since there are no

---

"Office of the Postmaster General
Washington, D. C., November 5, 1941

Hon. Clarence F. Lea,
Chairman, Committee on Interstate and Foreign Commerce, House of Representatives.

My dear Mr. Lea:

Your letter of September 18, 1941, requested a report upon H. R. 5674, a bill to protect the public health by the prevention of certain practices leading to dental disorders; and to prevent the circumvention of certain State laws regulating the practice of dentistry.

This Department has no objection to the enactment of this proposed legislation. *However, it is believed that consideration should be given to the advisability of having the measure provide for prosecution of violators in the jurisdiction where the material is caused to be delivered as well as in the jurisdiction from which it is sent.*

It has been ascertained from the Bureau of the Budget that this report is in accord with the program of the President.

Very truly yours,
Frank C. Walker,
Postmaster General"

special venue provisions in the statute giving the courts of any other district jurisdiction, I hold that the defendants' motions should be granted and the demurrers sustained. Since this ruling is dispositive of the present matter, I shall not consider any of the other interesting Constitutional questions raised by defendants.

